UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:06-cv-1368 OWW TAG |
| | ) | |
| Plaintiff, | ) | ORDER CLARIFYING AND |
| | ) | MODIFYING FINDINGS OF FACT |
| v. | ) | AND CONCLUSIONS OF LAW |
| | ) | ISSUED APRIL 10, 2007, AND |
| LOWELL BAISDEN, | ) | CORRECTING PRESS RELEASE |
| | ) | |
| Defendant. | ) | |
| | ) | |

   The motion of Defendant Lowell Baisden to clarify and modify the Findings of Fact and Conclusions of Law and to correct a press release issued in this case by the Department of Justice regularly came on for hearing June 18, 2007, at 10:00 a.m. Plaintiff United States was represented by Jacqueline Brown, Esq., Trial Attorney, U.S. Department of Justice.  Defendant Lowell Baisden was represented by McCormick, Barstow, Sheppard, Wayte & Carruth by Marshall C. Whitney, Esq., and Jerry D. Casheros, Esq.

   The Court heard the arguments of the parties, fully considered the papers submitted in support of and in opposition to the motion, and considered post-hearing written submissions concerning proposed modifications and corrections to press

1

release.  Based on all of the above, the following order is entered:

    1.  The United States Department of Justice shall issue a press release correcting a portion of its April 12, 2007, press release.  Said correction shall be in the form of the draft press release attached marked Exhibit A and incorporated by this reference.

    2.  The United States Department of Justice will cause a copy of the corrected press release to be disseminated to the North Platt Bulletin, The North Platt Telegraph, the Bakersfield Californian and to any other newspaper, publication, periodical, news service, and any website to which the press release was disseminated, including the Department of Justice and Internal Revenue Service websites.

    3.  Conclusions of Law Numbers 6 and 7 submitted after the hearing and filed as Findings of Fact and Conclusions of Law in support of the Court's preliminary injunction, shall be modified as follows:

> 6.  The Court has not determined a violation of I.R.C. §§ 6700, 6701 or 6694, however, evidence shows that Baisden has engaged in conduct some of which is likely to violate I.R.C. § 6700, by developing, organizing and promoting a plan or arrangement that encourages and assists professional customers to create corporations to which they assign their professional incomes, the primary or only purpose for which is to decrease their tax liability.  In so doing, it is likely Baisden has made the following statements:
>
> a.  Inaccurately advised customers that by using corporations they can deduct personal expenses that are not ordinarily deductible to individuals;
>
> b.  Inaccurately advised customers who he knows are statutory employees of corporations that they can assign all of their incomes to other corporations;

2

   c. Inaccurately advised customers that they could assign their professional employment income to corporations having reason to know that some of such corporations do not have any legitimate business activity other than the activities of his clients, medical professionals themselves;

   d. Inaccurately advised clients or potential clients that they can save specific amounts of taxes by creating or using corporations to which they can assign their income.

7. Baisden has likely prepared federal tax returns for customers for submission to the IRS containing items he knew would result in understatements of customers' tax liability. Baisden has likely prepared federal tax returns for customers containing understatements of liability based on positions for which there was no reasonable basis for avoiding tax liability. Baisden has also likely prepared federal tax returns containing understatements of tax due to a willful attempt to understate such liabilities, and in reckless or intentional disregard of the Internal Revenue laws and regulations, by:

   a. Preparing some federal tax returns claiming deductions for business expenses that are in fact non-deductible personal expenses, and/or for which he and his customers have not produced supporting documentation;

   b. Preparing some federal tax returns and forms containing misstatements of fact as to customers' occupations, the business activities of corporations, dates of incorporation, and customers' sources of income;

   c. Preparing some tax returns of corporations engaged only in the activities related to the field of medical services and failing to properly identify such corporations as personal services corporations;

   d. Preparing some federal tax returns for clients on which he assigns the entire incomes of statutory employees to their corporations and on which he does not report a reasonable compensation to the owners/employees of corporations;

   e. Preparing some federal tax returns for clients on which he mischaracterizes wage or dividend income as rent or royalties to individual owners;

   f. Preparing some federal tax returns for clients on which he reports ordinary business deductions for items that are capital expenses that

1
2
>           cannot be deducted in one year, or for the costs of
>           items intended to be sold, and properly categorized as
>           inventory;

3
4
5
>           g.   Preparing some federal tax returns for
>           clients containing deductions for purported business
>           expenses when the clients have not provided supporting
>           evidence to show they are engaged in legitimate
>           business activities with the intent to make a profit.

6

7   The United States separately requested a modification of the

8   Findings of Fact and Conclusions of Law to be consistent with

9   findings stated in open court.  No opposition was filed and

10  paragraph 28 of the Findings of Fact and Conclusions of Law is

11  modified as follows:

12
13
14
15
>           Baisden's customers Katherine Snoozy and Evan
>           Geilenkirchen, worked as nurse anesthetists for ACN
>           from 2001 to 2004.  Baisden's customers Deborah and
>           Michael Weaber, Michael Trierweiler, Chris Johng, and
>           Burt McKeag, are physicians who also work at the Great
>           Plains Regional Medical Center in North Platt,
>           Nebraska.  Williams Testimony, Ex. 1, at ¶ 12, 2 at ¶
>           17, Ex. 5 at ¶¶ 3, 43.

16

SO ORDERED.

17

DATED:  June 20, 2007.

18

19

20                                        __/s/ Oliver W. Wanger_____
                                             Oliver W. Wanger
21                                        **UNITED STATES DISTRICT JUDGE**

22

23

24

25

26

27

28

4

| | |
|---|---|
| 1 | **EXHIBIT A: CORRECTION TO PRESS RELEASE** |
| 2 | DEPARTMENT OF JUSTICE, WASHINGTON, D.C. |

    The United States District Court for the Eastern District of California has issued an order to the Department of Justice to correct portions of its press release dated April 12, 2007. That release stated that the District Court has issued an injunction against Lowell Baisden, a Bakersfield, California, certified public accountant, "that prevented him from promoting his tax scheme." The Court did not find that Mr. Baisden had engaged in or promoted a tax scheme, nor did it find Mr. Baisden was engaged in a fraudulent tax promotion. The matter is set for trial on June 17, 2008.