IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>LOWELL BAISDEN,<br><br>  Defendant.<br>_____ | Civil No. 1:06-cv-01368 OWW TAG<br><br>**Order on Ex Parte Motion and Application re Form of Protective Order (Docs. 113, 115)** |

On October 17, 2007, the Court conducted a telephonic hearing on defendant, Lowell Baisden's motion to quash three bank subpoenas. (Docs. 103, 108).  At the conclusion of the hearing, the Court denied the motion to quash, granted defendant's request for a protective order, and instructed counsel for plaintiff, United States of America and counsel for defendant, to meet, confer, and submit a stipulated form of protective order to the Court for consideration.  (Docs. 108, 111).  Counsel have subsequently met and conferred, but have been unable to agree upon a form of protective order.  On November 8, 2007, plaintiff filed a Motion in Support of Proposed Protective Order of the United States (Doc. 113, 114), and defendant filed an Ex Parte Application for the Court to Adopt Defendant's Proposed Form of Protective Order (Docs. 115, 116).  The Court has read and considered plaintiff's motion and defendant's application and respective proposed protective orders, and makes the following ruling thereon.

**1. Standards.**

Documents produced during discovery are presumptively public once they are filed with the court. Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1134-1135 (9th Cir. 2003); San Jose Mercury News, Inc. v. United States District Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  A protective order prevents public access to discovery documents.  The court has

1

discretion to issue a protective order upon a showing of "good cause" when discovery causes annoyance, embarrassment, oppression, undue burden, or expense. Fed.R.Civ.P. 26(c); <u>Foltz</u>, 331 F.3d at 1130; <u>Phillips v. General Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002); <u>B.R.S. Land Investors v. United States</u>, 596 F.32d 353, 356 (9th Cir. 1979). The threshold for good cause is specific prejudice or harm, and the court must balance the public and private interests to decide whether a protective order is necessary. <u>Phillips</u>, 307 F.3d at 1210-1211 (citing <u>Glenmade Trust Co. v. Thompson</u>, 56 F.3d 476, 483 (3rd Cir. 1995). Here, the court has balanced the public and private interests and concludes that good cause exists as to defendant's personal bank records. The issue now before the court is the content of the protective order.

2**. Defendant's proposed protective order.**

The Court finds that defendant Baisden's proposed protective is overly broad and unduly restrictive in light of the records at issue. Defendant's proposed order requires that the entire transcript of a deposition be sealed if it contains any reference to the bank records, without regard to the subject matter of the rest of the transcript or its relevance to any of the records. Such broad provisions run afoul of the law because they preclude public access to discovery materials without a showing of specific prejudice or harm. Fed.R.26(c); see <u>Foltz</u>, 331 F.3d at 1130; <u>Phillips</u>, 307 F.3d at 1210. Defendant's proposed order also requires that confidential documents be filed under seal by placing them in a sealed envelope with the following statement: "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof revealed except by order of the Court." If approved, this provision would automatically seal any document that a party designated as confidential, without further order of the court. Such a provision is unacceptable, because it improperly bypasses the detailed sealing procedures in Rule 39-141 of the Local Rules of the United States District Court for the Eastern California.

**3. Plaintiff's proposed protective order.**

The Court has discretion to grant a protective order tailored to fit the circumstances of each case. In this case, plaintiff's proposed order appropriately restricts the disclosure,

distribution, and duplication of defendant's bank records, and with minor modifications as discussed below, will be approved by the court.  The modifications consist of additional background information and language clarifying that a separate written sealing order must be obtained before confidential bank records are filed with the court.  Further, plaintiff's request to retain copies pursuant to the protective order and the Department of Justice's record retention policy poses no undue burden to defendant, and will be incorporated into the order approved by the court.

## **ORDERS**

Accordingly, the Court makes the following orders:

1. Defendant's Ex Parte Application for the Court to Adopt Defendant's Proposed Protective Order (Doc. 115) is DENIED;

2. Plaintiff's Motion in Support of Proposed Protective Order of the United States (Doc. 113) is GRANTED IN PART and DENIED IN PART, as follows:

   A. Background information will be added to the first paragraph of plaintiff's proposed protective order, and the first sentence of paragraph 6 thereof will be replaced with:

   > Any party or person wishing to file with the Court any portion of the bank records designated as Confidential and to submit them to the Court as an exhibit or otherwise, must first request and obtain a separate written sealing order from the Court in accordance with the sealing procedures of the Local Rules of this Court, including Local Rule 39-141 entitled "Sealing of Documents."  This Protective Order is not a sealing order, does not operate as a sealing order, and does not authorize any party or person to bypass the sealing procedures of the Local Rules of this Court.

   B. The balance of plaintiff's proposed protective order is approved with minor modifications; and

3. The protective order will be issued concurrent with the issuance of this order.

IT IS SO ORDERED.

Dated:  **November 13, 2007**                    **/s/ Theresa A. Goldner**
                                         UNITED STATES MAGISTRATE JUDGE