IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil No. 1:06-cv-01368 OWW TAG |
| ) | |
| Plaintiff, ) | **Protective Order** |
| ) | **on Defendant's Bank Records** |
| v. ) | |
| ) | |
| LOWELL BAISDEN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    This matter is before the Court on a motion by defendant, Lowell Baisden to quash three subpoenas issued by plaintiff, United States of America to Wells Fargo Bank, Bank of the Sierra, and United Security Bank seeking Baisden's bank information. On October 17, 2007, the Court conducted a telephonic hearing wherein it denied defendant Baisden's motion to quash and granted Baisden's request for a protective order. (Doc. 108). In accordance with its Order on Defendant's Motion to Quash Plaintiff's Bank Subpoenas (Doc. 111), the Court hereby issues a protective order, as set forth below.

1. Documents received by the United States from subpoenas issued to Wells Fargo Bank, Bank of the Sierra, and United Security Bank ("bank records") seeking bank records of defendant Baisden shall be disclosed only as follows:

    a. to counsel for the United States and any paralegals, assistants, and clerical employees of the United States, and any officers, agents, and counsel of the Internal Revenue Service, as counsel deems necessary for the purpose of assisting counsel in this action; and

1

    b.    any outside consultant or expert who is assisting counsel or a party to the action to whom it is necessary to disclose such documents for the purpose of assisting in, or consulting with respect to this action; and

    c.    to defendant Baisden or any counsel or persons on his behalf; and

    d.    to any deponent and their counsel, in preparation for and/or during depositions or testimony, as necessary to develop factual issues relevant to this action; and

    e.    to court reporters or other persons assisting such reporters for the purpose of transcribing testimony relating to this action.  Any party so disclosing the bank records shall advise the court reporter that it is subject to this Protective Order; and

    f.    to the Court, and any affiliated persons, as necessary to this action, subject to the provisions below.

2.    Prior to disclosing any of the bank records, or portions thereof, to anyone listed above, counsel shall advise the recipient that the records are disclosed subject to this Protective Order and that the Protective Order applies to that person.  Counsel shall also provide the recipient with a copy of this Protective Order.

3.    The United States, and its experts and agents, shall make no more copies, summaries, or compilations of the bank records or other documentation than are reasonably necessary in the preparation of the above-captioned action for litigation.

4.    Any portion of the bank records or deposition transcripts concerning such records or testimony may be designated by a party (the Designator) as "Confidential."  A document may be designated Confidential by so labeling it, or by providing separate written notice to counsel.  To allow a reasonable opportunity to make such a designation, each deposition transcript and the exhibits thereto shall be deemed to be Confidential until 30 days after a copy of the deposition transcript is received by the party noticing the deposition, and by any witness requesting to review the transcript.

5.  Any person may object at any time to the designation of any material as Confidential. The objection shall be made in writing to the Designator. The Objector and Designator shall confer in good faith in an effort to resolve the objection. If the objection cannot be resolved, the Designator may move for an order determining that the material was properly designated . Any opposition to such motion may be filed pursuant to the Local Rules of this Court. Any information for which a Confidential designation has been requested shall be treated as Confidential until the Court decides the motion.

6.  Any party or person wishing to file with the Court any portion of the bank records designated as Confidential and to submit them to the Court as an exhibit or otherwise, must first request and obtain a separate written sealing order from the Court in accordance with the sealing procedures of the Local Rules of this Court, including Local Rule 39-141 entitled "Sealing of Documents." This Protective Order is not a sealing order, does not operate as a sealing order, and does not authorize any party or person to bypass the sealing procedures of the Local Rules of this Court.   A redacted copy of any document to be filed under seal shall also be filed in the record and labeled as a redacted document. Parties should take care to redact only the page, sentence, or item containing Confidential information, and the redacted document shall provide an appropriate explanation of the redacted material at the place of withdrawal in the document.

7.  Upon the closing of this case, and termination of any appeals, the United States will return all original records to defendant Baisden by sending such documents by U.S. mail to Baisden's attorney of record. The United States may retain any documents required to be retained by written Department of Justice record retention policy as necessary for an understanding of the outcome of the case. Any retained documents must be separately labeled as being subject to this Protective Order.

8.  Both parties may petition the Court at any time to modify the terms of this Protective Order, or documents may be otherwise disclosed by agreement of both parties.

9.  This Protective Order does not prohibit or otherwise restrict a party from disclosing information protected by this Protective Order that is relevant to any civil or criminal

1 | action to any federal or state agency with authority to enforce laws regulating any activity
2 | relating to the requested information.  Any such federal or state agency shall keep the
3 | information confidential to the extent provided by law, and shall not be subject to this
4 | Protective Order.
5 | 10. This Protective Order shall survive the termination of the above-captioned action and
6 | continue in full force and effect, and the Court retains jurisdiction to enforce this
7 | Protective Order.

IT IS SO ORDERED.

Dated:   **November 13, 2007**                    **/s/ Theresa A. Goldner**
                                                                  UNITED STATES MAGISTRATE JUDGE