1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.    1:06-cv-01368-AWI-MJS |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL |
| v. | |
| LOWELL BAISDEN, | (ECF No. 204) |
| Defendant. | |

_____/

## I.    PROCEDURAL HISTORY

Plaintiff, United States of America, filed its Complaint for Permanent Injunction under sections 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C. or I.R.C.) on September 29, 2006, seeking to bar Defendant Lowell Baisden from providing tax advice or preparing income tax returns for others.  (ECF No. 1.)  The Court stayed the case pending resolution of not-yet-filed but anticipated criminal charges.  (ECF No. 178.)  The case has since been reopened and limited additional discovery authorized.

On June 18, 2012, Defendant filed a motion to compel responses to his discovery

1

requests.  (ECF No. 204.)  On July 2, 2012, Plaintiff filed an opposition to Defendant's motion.  (ECF No. 205.)  The Court having deemed the matter submitted on the written briefs (Local Rule 230(g); Fed. R. Civ. P 58), the motion to compel is now before the Court for resolution.

## II.    **LEGAL STANDARD**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id.  District courts have broad discretion in determining relevancy for discovery purposes.  Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

A litigant may propound interrogatories or document requests relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 33(a), 34(a).  In turn, the responding party is obligated to respond to the discovery requests to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), 34(b)(2)(B), and any objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(4), 34(b)(2)(C).

"If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses by informing the court 'which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [the opposing party's] objections are not justified.'"  Brown v. Beagley, 2012 WL 1795250, *1 (E.D. Cal. May 16, 2012) (citing Ellis v. Cambra, 2008 WL 860523, *4 (E.D. Cal. Mar. 27, 2008)); see also Randle v.

1
2
3
4
5
6

Franklin, 2010 WL 3069205, *2 (E.D. Cal. Aug. 3, 2010) (explaining the Eastern District of California's minimum standards on a motion to compel); Brooks v. Alameida, 2009 WL 331358, *2 (E.D. Cal. Feb. 10, 2009) (noting that unless the court is informed which responses the moving party seeks to compel or on what grounds, the court cannot grant the motion to compel).

7

**III.    DEFENDANT'S MOTION TO COMPEL**

8
9
10
11
12

Defendant moves to compel Plaintiff's response to interrogatories and document requests.  (ECF No. 204.)  While the original discovery request included five interrogatories and four document requests, the motion to compel does not discuss the fifth interrogatory or the fourth document request.  In accord with Brooks, *supra*, the Court will only address those specific discovery requests actually addressed in Defendant's motion.

13
14
15
16
17
18

Defendant argues that the requested discovery is necessary to demonstrate that the government "acted illegally or unconstitutionally while operating parallel civil and criminal investigations against [Defendant] for nearly a decade." (Id. at 1.) According to Defendant, such conduct "may support possible sanctions, including, but not limited to, suppression of evidence, suppression of testimony, and dismissal."  (Id.)

19

**A.    Interrogatories One and Two and Document Request One**

20
21
22
23
24
25

Interrogatories one and two and document request one seek records of communication, with regard to Defendant, between criminal division employees of the Internal Revenue Service (IRS) and civil division employees of either the IRS or Department of Justice (DOJ).  (Id. at 14, 16.)  Plaintiff objected on the grounds that the requested material was not relevant and was privileged.  (Id. at 19-22.)

26

In his motion Defendant argues that the requested discovery is relevant because

27

3

it may lead to information demonstrating that the government conducted parallel civil and criminal investigations illegally in violation of his Fourth and Fifth Amendment rights. Defendant claims that such illegally obtained evidence should be suppressed.  Defendant offers two examples of the purported illegal conduct.  First, Defendant alleges that a civilian auditor investigating his tax materials discovered firm indications of fraud and referred his case to the criminal division.  (Id. at 5, 6.)  Defendant cites to United States v. McKee, 192 F.3d 535 (6th Cir. 1999) for support.  (ECF No. 204. at 4.)  According to McKee, under such circumstances the civil audit is to be suspended to protect the citizen's right to avoid disclosing incriminating evidence in what is now a criminal matter.  192 F.3d at 541-42. Defendant maintains that the civil audit continued in violation of his constitutional rights as he was not notified of the criminal investigation.  (ECF No. 204. at 6.)

Second, Defendant alleges that Agent Shepka of the IRS' criminal division received the fraud referral from the civilian auditor.  Agent Shepka misrepresented himself as a civil investigator and received large amounts of information divulged by Defendant under false pretenses.  (Id. at 7-9.)  Defendant relies on United States v. Tweel, 550 F.2d 297, 299-300 (5th Cir. 1977), which held that evidence obtained through affirmative misrepresentation by an IRS agent may be suppressed as an unreasonable search in violation of the Fourth Amendment.

Plaintiff counters that the requested material is irrelevant to this case, a civil claim seeking an injunction, and that in any event the doctrine of issue preclusion bars Defendant from relitigating his claim that the information is discoverable.  (ECF No. 205 at 3.)

Plaintiff's objections are valid.  The Court does not find these discovery requests to

4

be relevant to any claim or defense in this case or reasonably calculated to lead to the discovery of admissible evidence.  Defendant relies on the <u>McKee</u> and <u>Tweel</u> cases in support of his argument that evidence obtained in violation of his constitutional rights should be excluded.  <u>McKee</u> and <u>Tweel</u> were both criminal cases.  Recognizing that conceptually the exclusionary rule may be extended to apply in a civil context, <u>United States v. Janis</u>, 428 U.S. 433 (1976), the Court is unaware of an instance where the rule was applied under similar circumstances and facts such as those presented in the instant case, <u>see</u>, <u>e.g.</u>, <u>INS v. Lopez-Mendoza</u>, 468 U.S. 1032, 1041-42 (1984); <u>Jones v. Commissioner</u>, 97 T.C. 7 (1991) (declining to extend <u>Tweel</u> in the civil context to suppress evidence).  Defendant has given the Court no basis upon which to anticipate the existence of evidence that Plaintiff's actions here were such as to justify application of the exclusionary rule even though, as noted below, this is his second attempt to do so.

The issue is, in any event, moot.  Plaintiff correctly argues in the alternative that the doctrine of issue preclusion bars Defendant from raising these issues here.  "A party invoking issue preclusion must show: (1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action."  <u>Littlejohn v. United States</u>, 321 F.3d 915, 923 (9th Cir. 2003).

The records show Defendant raised identical issues in his criminal case.  <u>See United States v. Baisden</u>, 2010 WL 5606727 (D. Neb. Dec. 17, 2010).  There Defendant filed a motion to compel the government to disclose information in support of the same defenses raised in the instant motion.  In that case the Court found that Defendant

"presented no evidence the IRS had 'firm indications of fraud' when the civil audit was commenced" or any time prior to the criminal division referral. Id. at *6. According to the Court, the Defendant "failed to prove the IRS 'affirmatively and intentionally misled' him during the course of the civil audit." Id. The issue raised in the criminal case is identical to that which Defendant seeks to raise here, the issue was actually litigated, and the determination of it was a critical and necessary part of the judgment. Defendant is therefore barred from raising the same issues here.

Defendant has not demonstrated that further response to interrogatories one and two and document request one is warranted. His motion to compel is denied with rewpect to that discovery.

**B.     Interrogatory Three and Document Request Two**

The third interrogatory and second document request seek records of communication between individuals in the civil division of the DOJ, particularly Jacqueline Brown, and Assistant United States Attorney (AUSA) Steven Russell with regard to the criminal claims filed against Defendant. (ECF No. 204 at 15, 16.) Plaintiff originally objected on the grounds that the requested material was not relevant and privileged. (Id. at 20, 22.)

Defendant states in his motion that "[t]hroughout the instant civil case, AUSA Steve Russell is believed to have been in communication with Attorney Brown about the civil proceedings." (Id. at 9.) He argues that AUSA Russell illegally communicated with Attorney Brown regarding discovery in the civil case. (Id. at 9, 10.)

In opposition to Defendant's motion, Plaintiff renews the objection that Defendant has failed to demonstrate how the discovery requested is relevant to a defense or is

6

reasonably calculated to lead to admissible evidence. The Court agrees. Plaintiff simply raises the specter that somewhere within the information he seeks he might find support for an equitable remedy based on perceived improper conduct. That is one giant step removed from identifying an actual defense. "District courts need not condone the use of discovery to engage in 'fishing expeditions[s]." Rivera v. NIBCO, 364 F.3d 1057, 1072 (9th Cir. 2004)(citing Exxon Corp. v. Crosby–Mississippi Res., Ltd., 40 F.3d 1474, 1487 (5th Cir. 1995)). Because Defendant fails to specifically identify a defense or explain how the requested information is reasonably calculated to lead to admissible evidence, his requests exceed the limits of what a party may seek via discovery.

Plaintiff also argues, again, that under Littlejohn Defendant is precluded from raising issues already disposed of in his criminal trial. For the same reasons set out in the preceding section of this Order, the Littlejohn factors are found to be met here and to preclude relitigation of this issue. In Baisden, Defendant "claim[ed] the government used the discovery processes of its civil litigation to obtain information for use in the criminal prosecution." 2010 WL at *8. This argument was rejected. The Court found that Defendant "was aware he may be facing criminal prosecution and had been advised of his Fifth Amendment rights before he provided civil discovery responses." Id. at 9. Defendant's motion to compel further discovery to develop the defense was denied. The Court in the prior proceeding made a judgment on the exact issue raised here. Issue preclusion bars Defendant from raising these issue again.

Defendant has not demonstrated that further response to interrogatory three and document request two is warranted.

////

### C.   Interrogatory Four and Document Request Three

The Fourth interrogatory asks how Plaintiff obtained the general ledgers for Bioventures, Inc., and the third document request seeks a copy of the ledgers. (ECF No. 204 at 15, 17.)  Plaintiff originally objected to the interrogatory request on the grounds the requested material was not relevant and privileged.  (Id. at 20.)  No objection was made to producing the general ledgers.  Plaintiff stated that the ledgers would be produced as soon as they are located.  (Id. at 22.)

Defendant argues that the government obtained the ledger through a criminal IRS summons and its use in this civil proceeding is illegal and unconstitutional.  (Id. at 10.)

Plaintiff argues Defendant has cited no legal authority for the assertion that IRS criminal investigators may not share information with civil DOJ attorneys.  Plaintiff here objects to both requests and argues that Defendant has not explained how the requested material is relevant under Fed. R. Civ. P. 26(b)(1).  Plaintiff also argues that the claim  of illegal parallel civil and criminal proceedings is barred by the doctrine of claim preclusion. (ECF No. 205 at 15.)

To the extent Plaintiff now objects to the production of the ledgers, having agreed to produce them in the initial response, that objection has been waived. Fed. R. Civ. P. 34(b)(2); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").  The general ledgers of Bioventures, Inc., in or subject to the possession, custody or control of Plaintiff are to be produced to Plaintiff within thirty days of the date of this Order.  Fed. R. Civ. P. 34(a).

It is not clear how Defendant's interrogatory is relevant to a claim or defense or

reasonably calculated to lead to the discovery of admissible evidence.   Defendant's argument in support of his motion to compel, that the ledger was obtained illegally, is not of assistance.   The opposition is well founded and Plaintiff is not required to provide further response.

## IV.    CONCLUSION

Accordingly, it is HEREBY ORDERED that Defendant's motion to compel (ECF No. 204), filed June 18, 2012, is GRANTED with regard to the request for production of the general ledgers of Bioventures, Inc., in Plaintiff's possession, custody or control,  but in all other respects the motion is DENIED.

IT IS SO ORDERED.

Dated:    July 20, 2012                  /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE