UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE No. 1:06-cv-01368-AWI-MJS |
| Plaintiff, | FINDINGS AND RECOMMENDATION DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR ACCESS TO COURTS |
| v. | |
| | (ECF No. 219) |
| LOWELL BAISDEN. | FOURTEEN (14) DAY DEADLINE |
| Defendant. | |

I.  **PROCEDURAL HISTORY**

Plaintiff, United States of America, filed its Complaint for Permanent Injunction under sections 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C. or I.R.C.) on September 29, 2006, seeking to bar Defendant Lowell Baisden from providing tax advice and preparing income tax returns for others. (ECF No. 1.)

-1-

On August 9, 2012, Plaintiff filed a motion for summary judgment. (ECF No. 209). Also on August 9, 2012, Defendant filed a motion for summary judgment. (ECF No. 217). On August 30, 2012, Defendant filed a motion for access to courts pursuant to the Fifth, Sixth and Fourteenth Amendments. (ECF No. 219). On September 18, 2012, Plaintiff filed its opposition to the motion for access to courts. (ECF No. 227.) It is the latter motion which is now before the Court.

## II. ARGUMENT

Defendant Baisden contends that the Bureau of Prisons Program Statement and Taft Correctional Institution ("TCI") policy allow the warden to approve legal furloughs. He has been informed his legal furlough application(s) have been denied by the warden. He requires legal furloughs from TCI to access documents and information which are stored at his home in Bakersfield California and which are needed to oppose Plaintiff's motion for summary judgment and also to enable him to appear at hearings and trial in this matter. He claims denial of furloughs deprives him of rights to due process, self-representation and confrontation of witnesses against him. He seeks an order from the court allowing legal furloughs from TCI.

Plaintiff opposes the proposed furloughs, arguing that Defendant is a flight risk and that there is no good cause for granting furloughs.

## III. ANALYSIS

### A. Sixth Amendment Self Representation and Access to Courts

The Sixth Amendment guarantees a defendant the right to represent himself in criminal proceedings, Faretta v. California, 422 U.S. 806, 834-36 (1975), and that right

includes access to law books, witnesses, and other tools necessary to prepare a defense. Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989); Milton v. Morris, 767 F.2d 1443, 1446-47 (9th Cir. 1985).

The Sixth Amendment is meant to assure fairness in the adversary criminal process, and a defendant's Sixth Amendment right to counsel attaches when the government initiates adversarial proceedings against him. United States v. Danielson, 325 F.3d 1054, 1066 (9th Cir. 2003). Here the injunctive relief sought is expressly civil in nature, meant to prevent a recurrence of specified conduct that substantially interferes with enforcement of internal revenue laws;[1] it is remedial insofar as designed to protect the public and inherently civil in nature. (26 U.S.C. § 7408(b)(2)). It seeks civil injunctive relief that is not inherently criminal in nature. See U.S. v. Certain Real Property and Premises Known as 39 Whalers Cove Drive, Babylon N.Y., 954 F.2d 29, 35 (2d Cir. 1992) (relief that can not fairly be attributed to remedial purposes "but rather can only be explained as also serving either retributive or deterrent purposes" must be classified a punitive and then may be inherently criminal upon consideration of the proceedings inherent nature, identified through statutory language, structure and intent). "The Sixth Amendment relates to a prosecution of an accused person which is technically criminal in nature." U.S. v. Zucker, 161 U.S. 475, 481 (1896).

Thus, the Court finds that the Sixth Amendment does not provide a basis upon which Defendant can obtain relief in this civil proceeding.

////////

---

[1] See Compl. at 12.

**B.     First and Fourteenth Amendment Access to Courts**

Defendant suggests that a denial of the requested furloughs violates his First and Fourteenth Amendment right to access the court.

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The present action is one for civil injunction brought by the United States pursuant to federal tax law. Defendant has no federal access to court right in the instant action.

Even if Defendant had such a right in issue here, he would need to show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 413–14. Defendant's motion includes no such facts. For that matter, there is no matter pending which calls for a hearing or appearance of either party or their counsel.

**C.     Fifth Amendment Due Process**

Defendant may allege that a denial of legal furloughs violates his federal due process rights.[2] The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a party must first establish the existence of a liberty interest for which the protection is sought.

Once a liberty interest is established, a due process violation may arise from a

---

[2] "[T]he Fifth Amendment's due process clause applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

-4-

deprivation of that interest under color of law through action that is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare (Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996), overruled in part on other grounds by Nitco Holding Corp., v. Boujikian, 491 F.3d 1086 (9th Cir. 2007)), or through a failure to provide that process which is due the identified liberty interest. Wolff, 418 U.S. at 556; see also Sandin v. Conner, 515 U.S. 472, 478 (1995).

Nothing before the Court suggests, and Defendant has not alleged a liberty interest in legal furloughs. "Protected liberty interests may arise either from the Due Process Clause itself or from statutory or regulatory provisions." Segal v. Biller, 1994 WL 594705 at *1 (9th Cir. October 31, 1994), citing Hewitt. v. Helms, 459 U.S. 460, 466 (1983). "A regulation generally does not create a liberty interest unless it establish[es] substantive predicates to govern official decision-making and contain[s] explicit mandatory language, i.e., specific directive to the decisionmaker that if the regulations substantive predicates are present, a particular outcome must follow." Id., citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989), quoting Hewitt, 459 U.S. at 471-72. Mere guidelines used to structure the exercise of discretion in making release decisions, however, do not create a protected interest. Id. Here Defendant has no independent constitutional right to a furlough. See Segal, 1994 WL 594705 at *2 (no constitutional right to overnight furlough under 28 C.F.R. § 570.34 where warden exercises discretion). Defendant fails to allege facts suggesting that he was denied any process due relative to his requests for legal furloughs,[3] or that denial

---

[3] E.g. Defendant fails to allege whether he appealed any furlough denial by the warden pursuant to the Administrative Remedy Program, 28 U.S.C. 542.10 et seq., and if so the result thereof.

of legal furlough(s) was arbitrary or capricious.

D. **Injunctive Relief**

Defendant may seek injunctive relief ordering that he be allowed legal furloughs.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A party seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008). Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

For the reasons stated above, Defendant fails to demonstrate likelihood of success on the merit. Furthermore, nothing before the Court suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (defendant must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Defendant filed his opposition to Plaintiff's summary judgment motion on September 4, 2012. (ECF Nos. 221-223.) No hearings are currently set in this matter. Defendant has not identified what specifically he needs to retrieve from outside TCI, why he needs to access such documents and information, and that he lacks alternative means of accessing the documents and information. In the absence of harm the equities do not balance in Defendant's favor.

In any event, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton

v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin, 515 U.S. at 482 (disapproving the involvement of federal courts in the day-to-day-management of prisons).

Defendant has not alleged facts suggesting an injunction otherwise would be in the public interest.

IV.     **CONCLUSIONS AND RECOMMENDATION**

Defendant fails to provide facts which would enable the Court to find that he is in need of and entitled to access to court relief, by way of legal furlough or otherwise.

Accordingly, for the reasons stated above the Court RECOMMENDS that Defendant's motion for access to court (ECF No. 219) be DENIED without prejudice. These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 19, 2012        /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE