1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA
9
10   UNITED STATES OF AMERICA,              CASE No. 1:06-cv-01368-AWI-MJS
11                                          ORDER DENYING WITHOUT PREJUDICE
12                       Plaintiff,         DEFENDANT'S MOTION FOR ACCESS TO
                                            COURTS
13        v.
                                            (ECF No. 219)
14
15   LOWELL BAISDEN.
16
17                       Defendant.
18   _____/
19
20
21   **I.    PROCEDURAL HISTORY**
22          Plaintiff, United States of America, filed its Complaint for Permanent Injunction
23   under sections 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C. or
24   I.R.C.) on September 29, 2006, seeking to bar Defendant Lowell Baisden from
25   providing tax advice and preparing income tax returns for others. (ECF No. 1.)
26
27
                              -1-

On August 9, 2012, both Plaintiff and Defendant filed motions for summary judgment. (ECF Nos. 209 and 217, respectively). On August 30, 2012, Defendant filed a motion for access to courts pursuant to the Fifth, Sixth and Fourteenth Amendments. (ECF No. 219). On September 18, 2012, Plaintiff filed opposition to the motion for access to courts. (ECF No. 227.) On October 1, 2012, Defendant filed his reply to the opposition. (ECF No. 233.)

Defendant's motion for access to courts is deemed submitted and is now before the Court for ruling.

## II.   **ARGUMENT**

Defendant Baisden contends that the Bureau of Prisons ("BOP") Program Statement and Taft Correctional Institution ("TCI") policy allow the warden to approve legal furloughs. He has been informed his legal furlough application(s) have been denied by the warden. He requires legal furloughs from TCI to access documents and information which are stored at his home in Bakersfield California and which are needed to oppose Plaintiff's motion for summary judgment and also to enable him to appear at hearings and trial in this matter. He claims denial of furloughs deprives him of rights to due process, self-representation, and confrontation of witnesses against him. He seeks an order from the court allowing legal furloughs from TCI.

Plaintiff opposes the proposed furloughs, arguing that Defendant is a flight risk and that there is no good cause for granting furloughs.

Defendant argues in his reply that he meets the furlough eligibility criteria in the BOP Program Statement; he is not a flight risk; only he can locate and retrieve the needed documents; and Plaintiff's failure to meet and confer prior to its summary

judgment motion prevented him from seeking a continuance of the dispositive motion deadline. He includes in his reply a request that this matter be stayed until he is released from BOP custody in 2014.[1]

**III.   ANALYSIS**

    **A.   Sixth Amendment Self Representation and Access to Courts**

The Sixth Amendment guarantees a defendant the right to represent himself in criminal proceedings, Faretta v. California, 422 U.S. 806, 834-36 (1975) and that right includes access to law books, witnesses, and other tools necessary to prepare a defense. Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989); Milton v. Morris, 767 F.2d 1443, 1446-47 (9th Cir. 1985).

The Sixth Amendment is meant to assure fairness in the adversary criminal process, and a defendant's Sixth Amendment right to counsel attaches when the government initiates adversarial proceedings against him. United States v. Danielson, 325 F.3d 1054, 1066 (9th Cir. 2003).

Here the injunctive relief sought by Plaintiff is expressly civil in nature, meant to prevent a recurrence of specified conduct that substantially interferes with enforcement of internal revenue laws;[2] it is remedial insofar as designed to protect the public and inherently civil in nature. (26 U.S.C. § 7408(b)(2)). It seeks civil injunctive relief that is not inherently criminal in nature. See U.S. v. Certain Real Property and Premises Known as 39 Whalers Cove Drive, Babylon N.Y., 954 F.2d 29, 35 (2d Cir. 1992) (relief that can not

---

[1] Defendant's request for stay relief is not properly before the Court, Fed. R. Civ. P. 7(b), 11; Local Rule 230(l), and is not considered in this order.

[2] See Compl. at 12.

-3-

fairly be attributed to remedial purposes "but rather can only be explained as also serving either retributive or deterrent purposes" must be classified a punitive and then may be inherently criminal upon consideration of the proceedings inherent nature identified through statutory language, structure and intent). "The Sixth Amendment relates to a prosecution of an accused person which is technically criminal in nature." U.S. v. Zucker, 161 U.S. 475, 481 (1896).

Having considered the foregoing, the Court finds that the Sixth Amendment does not provide a basis upon which Defendant can obtain relief in this civil proceeding.

## B.    First and Fourteenth Amendment Access to Courts

Defendant suggests that a denial of the requested  furloughs  violates his First and Fourteenth Amendment right to access the court.

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The present action is one for civil injunction brought by the United States pursuant to federal tax law. Defendant has no federal access to court right in the instant action.

Even if Defendant had such a right in issue here, he would need to show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 413–14. Defendant's motion includes no such facts.

Finally, it is noted that there is no matter pending which calls for a hearing or appearance of either party or their counsel.

-4-

**C.**   **Fifth Amendment Due Process**

Defendant may allege that a denial of legal furloughs violates his federal due process rights.[3] The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a party must first establish the existence of a liberty interest for which the protection is sought.

Once a liberty interest is established, a due process violation may arise from a deprivation of that interest under color of law through action that is clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare (Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996), overruled in part on other grounds by Nitco Holding Corp., v. Boujikian, 491 F.3d 1086 (9th Cir. 2007)), or through a failure to provide that process which is due the identified liberty interest. Wolff, 418 U.S. at 556; see also Sandin v. Conner, 515 U.S. 472, 478 (1995).

Nothing before the Court suggests, and Defendant has not alleged, a liberty interest in legal furloughs. "Protected liberty interests may arise either from the Due Process Clause itself or from statutory or regulatory provisions." Segal v. Biller, 1994 WL 594705 at *1 (9th Cir. October 31, 1994) (citing Hewitt. v. Helms, 459 U.S. 460, 466 (1983)). "A regulation generally does not create a liberty interest unless it establish[es] substantive predicates to govern official decision-making and contain[s] explicit mandatory language, i.e., specific directive to the decisionmaker that if the regulations substantive predicates are present, a particular outcome must follow." Id. (citing

---

[3] "[T]he Fifth Amendment's Due Process Clause applies to the federal government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989)) (quoting Hewitt, 459 U.S. at 471-72). Mere guidelines used to structure the exercise of discretion in making release decisions, however, do not create a protected interest. Id. Here Defendant has no independent constitutional right to a furlough. See Segal, 1994 WL 594705 at *2 (no constitutional right to overnight furlough under 28 C.F.R. § 570.34 where warden exercises discretion). Defendant fails to allege facts suggesting that he was denied any process relative to his requests for legal furloughs[4] or that denial of legal furlough(s) was arbitrary or capricious.

### D.   Injunctive Relief

Defendant may seek injunctive relief ordering that he be allowed legal furloughs.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A party seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008). Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

For the reasons stated above, Defendant fails to demonstrate likelihood of success on the merits. Furthermore, nothing before the Court suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (defendant must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not

---

[4] E.g. Defendant fails to allege whether he appealed any furlough denial by the warden pursuant to the Administrative Remedy Program, 28 U.S.C. 542.10 et seq., and if so the result thereof.

in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.") Defendant filed his opposition to Plaintiff's summary judgment motion on September 4, 2012. (ECF Nos. 221-223.) No hearings are currently set in this matter. Defendant has not identified what specifically he needs to retrieve from outside TCI, why he needs to access such documents and information, or shown that he lacks alternative means of accessing the documents and information. In the absence of harm the equities do not balance in Defendant's favor.

In any event, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin, 515 U.S. at 482 (disapproving the involvement of federal courts in the day-to-day-management of prisons).

Defendant has not alleged facts suggesting an injunction otherwise would be in the public interest.

## IV.   CONCLUSIONS AND ORDER

Defendant fails to provide facts which would enable the Court to find that he is in need of and entitled to access to court relief, by way of legal furlough or otherwise.

Accordingly, for the reasons stated above it is HEREBY ORDERED THAT Defendant's motion for access to court (ECF No. 219) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    October 11, 2012          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE