UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LOWELL BAISDEN,<br><br>　　　　Defendant. | CASE NO. 1:06-CV-1368 AWI MJS<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER ENJOINING DEFENDANT**<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER DISMISSING COUNT III**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO FILE A SUPPLEMENTAL ANSWER**<br><br>**ORDER REFERRING ACTION TO THE MAGISTRATE JUDGE** |
|---|---|

**I.　PROCEDURAL BACKGROUND**

　　On September 29, 1006, Plaintiff United States of America ("Plaintiff") filed a Complaint seeking a permanent injunction.  Plaintiff requests a permanent injunction pursuant to Sections 7402, 7407, and 7408 of the Internal Revenue Code (26 U.S.C. or I.R.C.) that permanently bars Defendant Lowell Baisden ("Defendant" or "Baisden") from (a) promoting any investment, business venture, or other plan or arrangement and in connection therewith making false or fraudulent representations about federal tax benefits or treatment, (b) engaging in any other

activity subject to penalty under I.R.C. Sections 6700 and 6701, or any other penalty provision in the Internal Revenue Code, (c) preparing, assisting, or filing federal income tax returns, amended returns, and other related documents and forms for others, (d) causing other persons or entities to understate their federal tax liabilities and avoid paying federal taxes, (e) engaging in any other activity subject to penalty under I.R.C. Sections' 6694 and 6695, (f) representing anyone before the Internal Revenue Service ("IRS"), and (g) engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

Both Plaintiff and Defendant filed motions for summary judgment. The pending motions for summary judgment were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On March 25, 2013, the Magistrate Judge filed Findings and Recommendations (ECF No. 242). The Magistrate Judge recommended that:

A.  Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 220) be DENIED.

B.  Defendant's Motion for Summary Judgment (ECF No. 217) be DENIED.

C.  Plaintiff's Motion for Summary Judgment (ECF No. 209) be GRANTED IN PART. Specifically, the Magistrate Judge recommend that, pursuant to I.R.C. Section 7408, the Court permanently enjoin Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him, from directly or indirectly, advising, promoting, facilitating, or participating in:

1.  The Plan as defined [in the Findings and Recommendations] and in this Order from making representations about federal tax benefits or a tax treatment which Defendant knows or has reason to know are materially false and fraudulent and based thereon (1) organizing, promoting, and participating in a scheme whereunder individual personal service providers assign or invest income with wholly owned corporations, (2) claiming on the corporations' tax returns unlawful deductions for non deductible personal expenses, (3) reporting the remaining income to the

    individual personal service providers as rental or royalty income, (4) not reporting the corporation's payments of the service providers' personal expenses as constructive dividends for which taxes are due, and (5) not reporting self-employment or social security tax liability on the personal service income mis-classified as rental or royalty income;

 2. Any other investment, business venture, other plan, or arrangement making false or fraudulent representations about federal tax benefits or treatment,

 3. Any other activity subject to penalty under I.R.C. Sections' 6700 and 6701, or any other penalty provision in the Internal Revenue Code,

 4. Causing other persons or entities to understate their federal tax liabilities and avoid paying federal taxes,

 5. Any other activity subject to penalty under I.R.C. Sections 6694 and 6695,

 6. Any other conduct that interferes with the administration or enforcement of the Internal Revenue Code and all internal revenue laws,

 7. Any future tax method, scheme, plan, or arrangement of any kind, whatsoever, without express IRS approval.

D. Plaintiff's Motion for Summary Judgment (ECF No. 209) be DENIED in all other respects.

E. Plaintiff be allowed to conduct post judgment discovery to monitor Defendant's compliance with the terms of this injunction.

The Findings and Recommendations notified the parties that any objections were to be filed within fourteen days.

  On April 5, 2013, Plaintiff filed objections to the Findings and Recommendations. (ECF No. 243.)  Defendant filed a response to Plaintiff's objections on April 17, 2013. (ECF No. 246.)

  Defendant filed objections to the Findings and Recommendations on April 5, 2013. (ECF No. 245.)  Plaintiff has not responded to Defendant's objections and the time for doing so has expired.

  On July 15, 2013, Defendant filed a Request for Judicial Notice (ECF No. 247).  On August 5, 2013, Defendant filed a motion to file a supplemental answer (ECF No. 248).  On

3

August 12, 2013, Defendant filed a motion for supplemental objections (ECF No. 249).  These motions raise arguments concerning Defendant's recent filings in his related criminal case, <u>United States v. Michael Koning, Susan Baisden-Koning, Lowell Baisden</u>, Case No. 4:09 CR 3031 (D. Neb.)[1] (collectively "the Koning Motion").  Plaintiff filed an objection to the motion to file a supplemental answer on August 20, 2013. (ECF No. 250.)   On September 9, 2013, Defendant filed a reply brief.  (ECF No. 251.)

## II.   DISCUSSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

The parties are familiar with the background of this action and the legal issues involved.  As such, they will not be repeated here.  The background and legal issues are discussed fully in the Findings and Recommendations, which this Court adopts.  The Court only makes the following comments regarding the parties' objections and the pending motions.

### A.   Plaintiff's Objections

Plaintiff objects on grounds that not only should Baisden be barred under I.R.C. Section 7408 from promoting his abusive tax Plan, but he should also be barred under I.R.C. Section 7407 from preparing any federal tax returns.   These objections do not raise an issue of law or fact not addressed in the Findings and Recommendations.  Rather, the objections reassert the propriety of and this Court's authority to grant Plaintiff relief.

Plaintiff's objections cite to cases in which other courts have granted permanent injunctive relief against tax preparers.  However, these cases appear distinguishable insofar as the defendants therein were strongly opposed to the entire United States tax structure, <u>see</u> <u>United States v. Savoie</u>, 594 F.Supp. 678, 680 (D. La. 1984), <u>United States v. Jones</u>, 4:09-cv-00547 BEJL, 2011 WL 2680742, at *1 (D. Idaho July 7, 2011), <u>United States v. Schiff</u>, 379 F.3d 621, 625 (9th Cir. 2004), <u>United States v. McIntyre</u>, 715 F.Supp.2d 1003, 1010-11 (C.D. Cal. 2010); had engaged in

---

[1] The Court takes judicial notice of ECF Numbers 320-329 in <u>United States v. Michael Koning, Susan Baisden-Koning, Lowell Baisden</u>, Case No. 4:09 cr 3031 (D. Neb.).

4

multiple proscribed activities, see Savoie, 594 F.Supp. at 684, United States v. Moser, CV 05-00262 ACK BMK, 2005 WL 3277965, at *4 (D. Hawaii Oct. 17, 2005), United States v. Camp, 629 F.Supp.2d 1224, 1231 (W.D. Wash. 2009); persisted with proscribed conduct following IRS warnings, see United States v. Kapp, 564 F.3d 1103, 1112 (9th Cir. 2009), Jones, 2011 WL 2680742, at *5; McIntyre, 715 F.Supp.2d at 1009, Camp, 629 F.Supp.2d at 1231; and significantly interfered with tax administration, see United States v. Marty, No. CIV 2:09cv 0600 FCD EFB PS, 2010 WL 323518, at *8 (E.D. Cal. Jan. 14, 2010) (prepared returns fraudulently seeking $26 million in refunds of which $6.9 million were erroneously paid). Furthermore, the Court notes that in United States v. Schiff, 379 F.3d 621 (9th Cir. 2004), the Ninth Circuit upheld an injunction pursuant to I.R.C. Section 7408, the exact injunction being granted by this order. Cf. United States v. Estate Preservation Services, 202 F.3d 1093 (9th Cir. 2000).

Plaintiff asserts that Baisden's continued defense of the Plan's legitimacy, notwithstanding his guilty plea, suggests a likelihood of recurrence. Baisden replies he is not promoting his Plan, but rather supporting his pending criminal appeal. Plaintiff cites to United States v. Kapp, 564 F.3d 1103 (9th Cir. 2009), to support an injunction when a defendant continues to support an illegal tax avoidance scheme. Kapp involved a tax scheme to improperly deduct mariners' meal expenses at a time when the defendant knew of a Tax Court decision disallowing such deductions. The Ninth Circuit approved of the District Court's permanent injunction under I.R.C. Section 7407 for promoting these improper deductions. See Kapp, 564 F.3d at 1113-15. While Baisden's continued support of his Plan (ECF No. 245 at 6-9), is troubling, the Court agrees that it is not so substantial as to support an I.R.C. Section 7407 injunction, particularly because Defendant is being permanently enjoined from promoting the Plan. As in Kapp, this Court enjoins the Plan.

Plaintiff contends that permanently barring Baisden from preparing *any* federal tax returns is necessary because of the extended time period over which Plaintiff promoted the Plan. Plaintiff argues that Baisden cannot be trusted to obey internal revenue law once released from custody. See Marty, 2010 WL 323518, at *9) (permanent ban where proscribed conduct spanned only two years). Plaintiff also contends Baisden has persistently refused to admit the unlawfulness of his Plan. See McIntyre, 715 F.Supp.2d at 1010 (adamant refusal to acknowledge the unlawfulness of

5

1  conduct).   Finally Plaintiff cites to the fact that Baisden had to be arrested prior to his surrender
2  date because of flight concerns.   For the same reasons discussed by the Magistrate Judge, this
3  Court finds these arguments do not constitute a sufficient basis for sustaining Plaintiff's objections
4  and imposing the broad life time ban on preparing tax returns requested by Plaintiff.
5       In the objections, Plaintiff also reargues facts considered by the Magistrate Judge,
6  including the Tax Court's conclusion Baisden's attempt to evade taxes was ridiculous and a
7  fantasy; concern by the California Board of Accountancy that Baisden would likely transgress
8  again were his license not revoked; Baisden's repeated preparation of false returns in pursuit of the
9  Plan; and Baisden's denial of culpability and continued promotion of the Plan even from prison.
10 Based on these facts, Plaintiff again argues Defendant will not comply with internal revenue law if
11 he is permitted to continue to prepare tax returns.  Baisden's past wrongs and his denial of
12 culpability relate almost exclusively to the Plan, which he is permanently enjoined from
13 promoting by this order.   As noted above, Baisden contends he is not presently promoting the
14 Plan, but supporting his pending criminal appeal.  The Court is not convinced from the evidence
15 presented in connection with the motions for summary judgment that permanently enjoining
16 Defendant from preparing any tax returns for others is necessary to prevent interference with the
17 proper administration of tax law.
18       On the present facts, the permanent I.R.C. Section 7408 injunction is sufficient to prevent
19 Defendant from interfering with tax administration.
20 **B.     Baisden's Objections**
21       Defendant objects on ground that only the 56 material facts he specifically admitted should
22 be deemed undisputed, his criminal appeal (challenging the denial of private counsel) is pending,
23 and United States District Oliver W. Wanger, during preliminary injunction proceedings, did not
24 find Baisden's tax plan abusive.  These objections do not raise an issue of law or fact for this
25 Court to not adopt the Magistrate Judges' Findings and Recommendations.  Baisden has not
26 disputed the materiality or truth of the facts enumerated by Plaintiff nor objected to or disputed the

6

evidence cited in support thereof *in the manner required by Rule 56(c)*.[2]  If a party fails to address the moving party's factual assertions as required by Rule 56(c), the Court may deem the moving party's facts admitted for purposes of a summary judgment motion.  Fed. R. Civ. P. 56(e)(2); Beard v. Banks, 548 U.S. 521, 527 (2006).  Baisden cannot create a genuine issue of material fact by merely asserting in his legal memoranda that he disputes a fact without citation to evidence.  See Helmich v. Kennedy, 796 F.2d 1441, 1443 (11th Cir.1986).

Baisden also requests review of his criminal case.  The judgment of the United States District Court for Nebraska is final for purposes of collateral estoppel even if an appeal is pending.  See Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir. 1988).   Any review of Baisden's criminal case must be done by appeal or writ of habeas corpus.

Baisden next contends in the objections that his tax Plan is not abusive.  The Court agrees with the Magistrate Judge that the undisputed evidence supports a finding that Baisden was involved in an abusive tax shelter and that he knowingly made false statements about the tax benefits available to investors who participated in the Plan in violation of I.R.C. Section 6700. Injunctive relief is necessary to prevent recurrence.  See I.R.C. § 7408(b)(2).

Defendant has lodged supplemental objections based on the Koning Motion filed as part of the criminal action.  According to Defendant, Plaintiff suffered no tax loss from Defendant's former clients, the Konings, for tax years 1999-2003.  The supplemental objections are unauthorized by the Local Rules and this Court's orders.  As such, they are rejected.  Even if the Court were to consider the supplemental objections, the Koning Motion does not demonstrate a final determination of the Konings' tax liability for years 1999-2003 and/or the absence of tax liability.  See Fed. R. Evid. 201(b).  The supplemental objections otherwise simply restate matters previously considered by the Magistrate Judge and do not provides a basis to not adopt the Magistrate Judge's Findings and Recommendations.

**C.    Baisden's Motion to File Supplemental Answer**

Baisden has filed a motion to supplement his original answer (ECF No. 16) to reflect the

---

[2] The Court overrules Baisden's objection to Plaintiff's Joint Statement of Undisputed Facts, ECF No. 225-1, on the ground he did not sign the joint statement.  The joint statement incorporates Baisden's Separate Statement of admitted facts.  ECF No. 222.

7

Koning Motion and Baisden's assertion that the Konings had no tax liability in tax years 1999-2003. Along with his motion, Defendant provides a proposed supplemental answer. The proposed supplemental answer includes allegations, arguments and an analysis of the Koning Motion's effect on the Complaint's allegations. The proposed supplemental answer also includes a supplemental prayer for relief. See ECF No. 248.

Under Rule 15(d) of the Federal Rules of Civil Procedure, the Court, upon terms as are just, may allow a supplemental answer updating the original answer as to subsequent events. Baisden's proposed supplemental answer does not include any additional admissions, denials and defenses, and it is deficient on this basis. See Fed. R. Civ. P. 8(b); see also Ebel v. Drum, 55 F.Supp. 186, 188 (D.C. Mass. 1944) (a supplemental answer should be allowed only when it sets forth additional or further defenses). The Court already has taken judicial notice of the Koning Motion. Additionally, the proposed supplemental answer is not a complete pleading within itself and is deficient in this regard. See Local Rule 220. Accordingly, Defendant's Motion to file a supplemental answer is denied without prejudice.

### III.    PLAINTIFF'S MOTION TO WITHDRAW THE THIRD CAUSE OF ACTION

In the objections, Plaintiff states that it withdraws one portion of the motion for summary judgment and complaint. (ECF No. 243 at 11:10-12:2.). Plaintiff no longer seeks to bar Baisden from representing persons before the IRS pursuant to 28 U.S.C. Section 7402. As such, Plaintiff dismisses Count III of the complaint.

### IV.    CONCLUSIONS AND ORDER

The parties' objections do not provide a reason to not adopt the Findings and Recommendations. In addition, Defendant's motion to file a supplemental answer is procedurally and substantively deficient.

Accordingly, IT IS HEREBY ORDERED that:

A. The Court adopts the Findings and Recommendations filed March 25, 2013.

B. Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 220) is DENIED.

C. Plaintiff's Motion for Summary Judgment (ECF No. 209) is GRANTED IN PART.

Pursuant to I.R.C. Section 7408, Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him, are permanently ENJOINED from directly or indirectly, advising, promoting, facilitating, or participating in:

    1.    The Plan. as defined in the Findings and Recommendations, from (a) making representations about federal tax benefits or a tax treatment which Defendant knows or has reason to know are materially false and fraudulent and based thereon; (b) organizing, promoting, and participating in a scheme by which individual personal service providers assign or invest income with wholly owned corporations; (c) claiming on a corporations' tax returns unlawful deductions for nondeductible personal expenses; (d) reporting income to individual personal service providers as rental or royalty income; (e) not reporting a corporation's payments of the service providers' personal expenses as constructive dividends for which taxes are due; and (f) not reporting self-employment or social security tax liability on personal service income that has been misclassified as rental or royalty income;

    2.    Any other investment, business venture, other plan, or arrangement making false or fraudulent representations about federal tax benefits or treatment;

    3.    Any other activity subject to penalty under I.R.C. Sections' 6700 and 6701, or any other penalty provision in the Internal Revenue Code;

    4.    Causing other persons or entities to understate their federal tax liabilities and avoid paying federal taxes;

    5.    Any other activity subject to penalty under I.R.C. Sections 6694 and 6695;

    6.    Any other conduct that interferes with the administration or enforcement of the Internal Revenue Code and all internal revenue laws; and

    7.    Any future tax method, scheme, plan, or arrangement of any kind, whatsoever, without express IRS approval.

D.    Plaintiff's motion for summary judgment (ECF No. 209) is DENIED in all other respects other than as provided above.

E.    Plaintiff may conduct post judgment discovery to monitor Defendant's compliance with

      the terms of this injunction.

F.     Count III of the complaint and the portion of Plaintiff's motion for summary judgment seeking to bar Baisden pursuant to 28 U.S.C. Section 7402 from representing persons before the IRS is withdrawn by Plaintiff and Count III is DISMISSED.

G.     Defendant's Motion to File a Supplemental Answer (ECF No. 248) is DENIED without prejudice.

H.     This action will remain open and is referred to the Magistrate Judge to set a further scheduling conference.

IT IS SO ORDERED.

Dated:   February 19, 2014                     [signature]
                                               SENIOR DISTRICT JUDGE